ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SHIAO LEE (CABN 257413)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-6924
    FAX: (415) 436-7234
    shiao.lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-161 WHA |
| Plaintiff, | |
| v. | [~~PROPOSED~~] ORDER OF DETENTION |
| CHANDLER FRANCKX, | |
| Defendant. | |

The parties appeared before the Honorable Joseph C. Spero on May 8, 2018 for a detention hearing. The defendant was present and represented by defense counsel Ken Wine. The government was represented by Assistant United States Attorney Shiao Lee. The government moved for detention, submitting that no condition or combination of conditions of release would reasonably assure the appearance of the defendant or the safety of the community and any person.

The Court has considered the parties' proffers during the hearing, the defendant's criminal history, including a prior state conviction for possession of obscene material of minor engaged in sex, the facts of the instant case, and the factors set forth in 18 U.S.C. § 3142(g). For the reasons stated on the record at the hearing, the Court finds that no condition or combination of conditions will reasonably

assure the safety of the community if the defendant were released.

In particular, the Court takes note of the facts of the current case in which the defendant is charged with transportation, receipt, and possession of child pornography, and the relevant conduct associated with the case, specifically his history of solicitation of child pornography from a minor, his solicitation of child pornography from the Philippines in exchange for money, and his attempt to get access to a "live show" online depicting child pornography in exchange for money. More specifically, the Court takes note of the government's proffer of the following facts:

In April, 2013 the defendant received photos constituting child pornography from a then-15-year-old minor victim from the Philippines, whom he had been grooming since she was 13-years old. The defendant would send money in exchange for the child pornography he received from the minor victim. The defendant would engage in these communications with the minor victim while he was out on bail on his prior possession of child pornography case in 2012 and after he served his sentence and was being supervised by Probation. The defendant attempted to travel to the Philippines in 2016 and 2017 to meet with the victim, who at this time would have been 18 and 19 years old, respectively. The defendant was denied entry at the Philippines border on both occasions due to his prior sex offense conviction and his status as a registered sex offender. Upon returning to San Francisco International Airport on February 20, 2017, law enforcement discovered that several of the electronic devices the defendant brought with him on his travels contained child pornography.

When law enforcement executed a search warrant on the defendant's home at the time of his arrest on April 23, 2018, law enforcement discovered that in the months leading up to his arrest, the defendant had been chatting with an individual in the Philippines and soliciting child pornography from that individual in exchange for money. In the communications, the defendant would specifically ask what ages the children were and describe what he was looking for – e.g. long videos with sound that depict sexual intercourse and semen. In these communications, the defendant stated that he wanted a "live show" in the context of a live show depicting child pornography. These communications took place after the defendant had been stopped by law enforcement at San Francisco International Airport approximately one year prior when his devices had been seized for containing child pornography.

Based on the reasons stated above and the factors considered by the Court, the Court finds that

no condition or combination of conditions will reasonably assure the safety of the community if the defendant were released. The Court therefore orders the defendant detained pending further proceedings in this matter. The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correctional facility. The defendant must be afforded a reasonable opportunity to consult privately with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.

IT IS SO ORDERED.

DATED: May 15, 2018

_____
HON. JOSEPH C. SPERO
Chief United States Magistrate Judge